## YATER et al. v. TEXAS BANKERS' ASS'N.
### No. 3143.

Court of Civil Appeals of Texas. El Paso.
Feb. 28, 1935.

Wm. M. Cramer, of Dallas, for plaintiffs in error.

R. G. Smith and A. S. Rollins, both of Dallas, for defendant in error.

PELPHREY, Chief Justice.

On or about April 1, 1930, appellee posted in its member banks the following offer of reward:

"$5,000 REWARD

"FOR DEAD BANK ROBBERS.

"$5,000 cash will be paid for each Bank Robber legally killed while robbing this Bank"

"The Texas Bankers Association, a corporation, offers a standing reward of $5,000 for each bank robber legally killed while robbing and holding up a reward subscribing member bank in Texas with firearms during the daytime. Limits of the place and time of such killing are: in the banking house, or as the robbers and holdups leave the bank, while the robbery and holdup and threats are being committed; and as they flee from the bank with the property taken, and are resisting legal pursuit and arrest, within twenty miles of the bank robbed and within six hours after the robbery and holdup. This reward does not apply to night attacks on Texas banks. It is expressly provided that the Texas Bankers Association shall determine whether or not payment of this reward shall be made hereunder, and to whom (if anyone) such payment shall be made, and such determination and judgment shall be final, conclusive and not reviewable.

"The Association will not give one cent for live bank robbers. They are rarely identified, more rarely convicted, and most rarely stay in the penitentiary when sent there—all of which operations are troublesome, burdensome and costly to our government.

"In order to protect the lives of people in such banks and to protect the property of such banks, the Association is prepared to pay for any number of such robbers and holdups so killed, while they are robbing and holding up its reward subscribing member banks with firearms in the daytime, at $5,000 a piece.

"This reward is effective April 1st, 1930, and all other rewards, offers and statements are cancelled and superseded hereby.

"TEXAS BANKERS ASSOCIATION."

"$5,000 in cash will be so paid for the legal killing of any robber and holdup WHILE ROBBING THIS BANK with firearms in the daytime."

The First National Bank of Stanton, Tex., was one of the reward subscribing members, and a copy of the above offer of reward was posted therein.

On June 2, 1932, a man, who it later developed was named Hair, went into the First National Bank of Stanton, and presenting a pistol demanded the bank's money. At that time other persons entered the bank and Hair fled from the bank. He took no property of the bank with him as he fled. Hair fled in an automobile. A posse consisting of Milt Yater, sheriff of Martin county, H. M. Zimmerman, a deputy under Yater, C. F. Gray, and Les Thompson, was organized and started in pursuit of Hair, overtaking him across the line in Glasscock county about ten miles south of Stanton. When the posse caught up with

Hair, its car drew up on the left-hand side of the car he was driving. Zimmerman fired one shot at Hair which did not take effect. Before the posse fired any other shots, Hair was shot just above his right ear with his own gun.

On April 17, 1933, plaintiffs in error filed a claim with defendant in error for the sum of $5,000 as a reward for the killing of Hair.

Upon a refusal to pay, plaintiffs in error on July 24, 1933, filed this suit. Defendant in error answered by general denial; denied that the First National Bank of Stanton was robbed, that any of its property was taken, and that the pursuit and killing of Hair came within the terms of the offer of reward. It also alleged that Hair killed himself; that it, as provided for in the offer, had determined not to pay the reward, which determination was final and conclusive.

Trial was had before the court and judgment rendered that plaintiffs in error take nothing, from which judgment they have appealed.

### Opinion.

Plaintiffs in error's brief contains the following three assignments of error:

"1: The trial court erred in rendering judgment for the Defendant when the uncontroverted facts entitled the Plaintiff to a recovery of $5,000.00."

"2: The court erred, under the undisputed facts in the case, in rendering judgment for the Defendant."

"3: The trial court erred in not rendering judgment for Plaintiff for $5,000.00."

Defendant in error attacks these assignments as being too general to be entitled to consideration. We are in accord with such contention, but in accordance with our liberal practice in such matters, we have concluded to dispose of the case on the merits.

Plaintiffs in error present some eight propositions in their brief, which we shall not discuss in detail, but shall merely state the reasons why, in our opinion, the judgment rendered is the correct one.

As we construe the offer of reward, it was for the killing of a bank robber in one of two ways, viz.: First, while he was in the act of robbing a bank; and, second, while he was fleeing after having robbed the bank, with the property of the bank, within twenty miles of the place where the robbery was committed and within six hours time. It is admitted here that Hair was not killed while in the act of robbing the bank and that he did not have any of the property of the bank in his possession. It follows, we think, that plaintiffs in error have not brought their claim within the terms of the offer.

Furthermore, the evidence shows that Hair, when the posse came up to him, shot through the right-hand door of his car; that such door was on the side opposite from the posse; that he also shot three times through the top of his car; and then shot himself through the head just over the right ear. From these facts it could easily be concluded that Hair committed suicide rather than resisted arrest, and the trial court may have so concluded. If his death was a result of suicide, then, of course, plaintiffs in error could not recover.

The judgment of the trial court is affirmed.